**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Coolballs International, LLC, a Missouri Limited Liability Company, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Does 1-395, )<br>)<br>Defendants. )<br>) | Case No. 20-cv-2455<br><br>Judge:<br><br>Magistrate: |

**COMPLAINT**

Plaintiff Coolballs International, LLC hereby files this Complaint for, *inter alia*, copyright infringement of Plaintiff's federally registered copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*., and a related common law claim (the "Action"), arising from Defendants' infringement of Plaintiff's Happy Bee Work (as defined *infra*), including, without limitation, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling unlicensed, infringing versions of Plaintiff's related claims against Defendants, as more fully described and alleged below.

**THE PARTIES**

1. Coolballs International, LLC is a Missouri Limited Liability Company that maintains its principal place of business at 1442 Yale Ave, Saint Louis, MO, 63117. Plaintiff operates a webstores at happyballs.com and antennaballstore.com. Plaintiff sells merchandise directly to retailers and consumers within the geographic jurisdiction of this Court as shown in Exhibit 1 as well as straight to consumers throughout the United States through national partners such as Wal-Mart, Amazon, and Etsy.

2. Defendants identified on Exhibit 2 are all believed to be individuals and unincorporated business associations who, upon information and belief, reside in foreign jurisdictions. The true names, identities and addresses of Defendants are currently unknown.

3. Defendants conduct their illegal operations through fully interactive commercial websites hosted on various e-commerce sites, such as Amazon, eBay, and Wish ("Infringing Websites" or "Infringing Webstores"). Each Defendant targets consumers in the United States, including the State of Illinois, and has offered to sell and, on information and belief, has sold and continues to sell infringing products that violate Plaintiff's intellectual property rights ("Infringing Products") to consumers within the United States, including the State of Illinois and Northern District of Illinois. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

4. Through their operation of the Infringing Webstores, Defendants are directly and personally contributing to, and inducing and engaging in the sale of Infringing Products as alleged, often times as partners, co-conspirators and/or suppliers.

5. Upon information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Infringing Products.

6. Defendants intentionally conceal their identities and the full scope of their infringing operations in an effort to deter Plaintiff from learning Defendants' true identities and the exact interworking of Defendants' illegal operations. The identities of these Defendants are presently unknown. If their identities become known, Plaintiff will promptly amend this Complaint to identify them.

7. Defendants are primarily Chinese and use a similar kind of infringing product, on

information and belief, stemming from a common manufacturer or consortium of manufacturers united under the direction or influence of local or national governments.

## JURISDICTION AND VENUE

8. This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to the Copyright Act, 17 U.S.C. §§ 101 et seq. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), as the claim asserted thereunder is so closely related to the federal claims brought in this Action as to form part of the same case or controversy.

9. This Court has personal jurisdiction over Defendants in that they transact business in the State of Illinois and in the Northern District of Illinois.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 in that the Defendants are entities or individuals subject to personal jurisdiction in this District. Venue is also proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this District and Defendants directly target business activities towards consumers in the State of Illinois and in conflict with the ongoing business relationships with Illinois consumers of authentic Happy Bee Works.

## BACKGROUND FACTS

11. Plaintiff is engaged in the business of manufacturing, distributing and retailing unique vehicle antenna toppers (a novelty decorative item that is placed atop the car antenna rod for customization purposes) throughout the United States, including within the Northern District of Illinois ("the Forum").

12. Plaintiff is the owner of United States Copyright Registration No. VA 2-160-977 titled "Sculpture of happy bee" ("Happy Bee") and retains all rights, title, and interest in and to,

*inter alia*, and protection afforded of the Plaintiff through the United States Constitution in said rights. The registration is valid, subsisting, unrevoked, and uncancelled and in full compliance with the laws of the United States, including 17 U.S.C. § § 101, 102, and 103. The registrations for the copyright constitute *prima facie* evidence of validity and of Plaintiff's exclusive right to use his rights pursuant to 17 U.S.C. § 410(c) and 106. Genuine and authentic copy of the U.S. Federal Copyright Registration Certificate for Plaintiff's copyright is attached as Exhibit 3.

13. Plaintiff's Happy Bee, consists of a foam three-part yellow body: a head connected to a thorax fused to an abdomen. The body has three black stripes. The Happy Bee has six legs in total, four come from the abdomen and two from the thorax. Two light gray wings come from the back of the thorax of the bee. The head has an anthropomorphized "smiley" face with two black antennae on top. The bottom of the abdomen is shaped like a stinger and colored black.

14. Plaintiff's Happy Bee decoration has been widely promoted. Consumers, potential consumers, automobile enthusiast, and automobile industries not only associate Plaintiff's Happy Bee product with exceptional materials, style and workmanship, but also recognize the Plaintiff's Happy Bee sold in the United States originate exclusively with Plaintiff.

15. As of the date of this filing, Plaintiff's Happy Bee is sold throughout the nation with various national and local retail outlets (e.g. Disney, Wal-Mart, Kmart, Toys 'R' Us, MINI Cooper).

16. Plaintiff maintains quality control standards for all of Plaintiff's copyrighted products. Genuine Happy Bee products are distributed through a nationwide network of distributors and retailers, as noted on Plaintiff's primary website located at www.coolballs.com ("Website"). *See* Exhibit 1.

17. Plaintiff's efforts, the quality of their Happy Bee decoration, their marketing, promotion and distribution efforts, as well as the word-of-mouth buzz generated by their consumers have made the Happy Bee decoration prominently placed in the minds of the public. Retailers, retail buyers, consumers and members of the public have become familiar with the Happy Bee decoration and associate them exclusively with Plaintiff.

18. As a result of such associations, Plaintiff, and their Happy Bee decoration have acquired a valuable reputation among the public.

19. Plaintiff has gone to great lengths to protect its interests to the Happy Bee decoration. No one other than Plaintiff and its authorized licensees and distributors are authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the likeness of the Happy Bee decoration without the express permission of Plaintiff.

20. As a result of Plaintiff's hard work and dedication to excellence, Plaintiff's Happy Bee products have spawned a number of "knock-off" and imitation products.

21. Defendants are aware of Plaintiff's successful selling products and have embarked on plans to market and sell imitation products that would directly compete with Plaintiff's Happy Bee.

22. Defendants have worked to copy, imitate and duplicate Plaintiff's copyrighted product in its total look and appearance and have attempted to capitalize on the success achieved by Plaintiff by marketing and selling imitations at aggressively discounted prices to deceive and confuse the public, steer trade away from Plaintiff and decrease Plaintiff's sales.

23. Plaintiff's rights have never been assigned or licensed to any of the Defendants in this matter.

24. Upon information and belief, at all times relevant hereto, Defendants in this action

have had full knowledge of Plaintiff's ownership of the copyright, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

25. Defendants' intentionally and willfully infringe on Plaintiff's copyrighted work when they post photos of the work in online sales listings, duplicate the sculpture and then sell those dubious counterfeit items, creating irreparable harm to Plaintiff.

26. Defendants have manufactured, imported, distributed, offered for sale and sold Infringing Products and continue to do so.

27. Defendants, without authorization or license from Plaintiff, knowingly and willfully used and continue to use Plaintiff's design and likeness in connection with the advertisement, offer for sale and sale of the Infringing Products, though, inter alia, the Internet. The Infringing Products are not genuine Plaintiff products. The Plaintiff did not manufacture, inspect or package the Infringing Products and did not approve the Infringing Products for sale or distribution. Each Infringing Webstore offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Infringing Products into the United States, including Illinois.

28. Defendants go to great lengths to conceal their true identities and often use multiple fictitious names and addresses to register and operate the Infringing Webstores. Upon information and belief, Defendants regularly create new Webstores on various platforms using the identities listed in Exhibit 2 of the Complaint, as well as other unknown fictitious names and addresses. Such registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their illegal copyright infringement operations, and to prevent the Infringing Webstores from being disabled.

29. Upon information and belief, Defendants will continue to register or acquire listings for the purpose of selling Counterfeit Goods that infringe upon Plaintiff's rights unless

preliminarily and permanently enjoined.

30. Plaintiff has no adequate remedy at law.

## COUNT ONE
## FEDERAL COPYRIGHT INFRINGEMENT
## [17 U.S.C. § 501(a)]

31. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

32. Plaintiff, has standing to sue because it is the exclusive owner of United States Copyright Registration No. VA2-160-977 titled "Sculpture of happy bee" ("Happy Bee Work" or "Bee Copyright"). Pl's Exhibit 3. This Certificate of Copyright Registration protects the creative and unique artistic aspects expressed therein.

33. Pursuant to 17 U.S.C. § 410 (c), the Certificate of Copyright Registration constitutes *prima facie* evidence of the validity of the copyright and of the facts stated in the Certificates. The Bee Copyright, asserted against Defendants, is entitled to such statutory presumptions.

34. Defendants have reproduced, prepared derivative works, used, sold or distributed to potential customers and have also authorized others to copy, distribute and/or prepare derivatives and unauthorized copies of the original works protected by the copyrights that are substantially similar and, at times, virtually identical, to the original works protected by the Bee Copyright. This unauthorized reproduction, use, offer for sale, and sale by Defendants is an infringement of the Bee Copyright pursuant to 17 U.S.C. §§ 106 and 501.

35. Defendants have also imported into the United States, without authorization from Plaintiff, copies and/or derivative works of the Bee Copyrighted works that were acquired outside the United States. This unauthorized importation is an infringement of the Bee Copyright under

17 U.S.C. §§ 106 and 602.

36. Defendants do not own any copyright in the Bee Copyright nor do they have permission or proper license from Plaintiff to use any part of the materials protected.

37. Without the Plaintiff's authorization or consent, and having knowledge of the Plaintiff's well-known and prior rights in the Happy Bee, Defendants intentionally reproduced, copied, and displayed Plaintiff's Happy Bee by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling Infringing Products that are identical in appearance, or at a minimum, substantially similar to Plaintiff's Happy Bee.

38. Defendants' unlawful and willful actions as alleged herein constitute copyright infringement of Plaintiff's Happy Bee, including Plaintiff's exclusive rights to reproduce, distribute, and/or sell such products in violation of 17 U.S.C. § 501(a).

39. The Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

40. Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief, statutory damages and enhanced discretionary damages for willful copyright infringement, and reasonable attorneys' fees and costs.

## COUNT TWO
## UNFAIR COMPETITION
## [Lanham Act, 15 U.S.C. § 1125]

41. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

42. All Defendants misrepresented and failed to disclose material facts related to the Happy Bee Work including, but not limited to:

a. That their offerings were unauthorized reproductions;
b. Their lack of relationship and unaffiliation with Coolballs, the official maker of the Happy Bee sculptures;
c. The unauthorized use of official Happy Bee Works marketing images; and
d. The counterfeit nature of the goods offered.

43. By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products, Defendants have actually offered and did ship goods in interstate commerce.

44. Likewise, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products, Defendants have traded off the extensive goodwill of Plaintiff and their Happy Bee product to induce, and did induce and intends and will continue to induce, customers to purchase its Infringing Products, thereby directly competing with Plaintiff. Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of Plaintiff, which Plaintiff has amassed through its lengthy nationwide marketing, advertising, sales, and cumulative consumer recognition.

45. Defendants' advertising, marketing, promotion, distribution, display, offering for sale, sale, and/or otherwise dealing in the Infringing Products was and is in violation and derogation of Plaintiff's rights and is likely to cause confusion and mistake, and to deceive consumers and the public as to the source, origin, sponsorship, or quality of Defendants' Infringing Products.

46. Defendants knew, or by the exercise of reasonable care should have known, that its advertising, marketing, promotion, distribution, display, offering for sale, sale, and/or otherwise dealing in the Infringing Products and its continuing advertising, marketing,

promotion, distribution, display, offering for sale, sale, and/or otherwise dealing in the Infringing Products would cause confusion and mistake, or deceive purchasers, users and the public.

47. As a direct and proximate result of Defendants' aforementioned wrongful actions, Plaintiff has been and will continue to be deprived of substantial sales of his Happy Bee products, as well as other similar products.

48. The Plaintiff has no adequate remedy at law and, if the Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to their goodwill and reputation.

49. As a result of Defendants' actions alleged herein, Plaintiff is entitled to injunctive relief, an order granting Plaintiff's damages and Defendants' profits stemming from its infringing activities, and exemplary or punitive damages for Defendants' intentional misconduct in amounts to be determined at trial.

## COUNT THREE
## UNFAIR COMPETITION
### [Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510 *et al*)]

50. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

51. The Infringing Products sold and offered for sale by Defendants are of the same nature and type as the Plaintiff's Happy Bee products sold and offered for sale by the Plaintiff and, as such, Defendants' use is likely to cause confusion to the general purchasing public.

52. By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products, Defendant has traded off the extensive goodwill of Plaintiff and his Happy Bee product

to induce, and did induce and intends and will continue to induce, customers to purchase its Infringing Products, thereby directly competing with Plaintiff. Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of Plaintiff, which Plaintiff has amassed through his nationwide marketing, advertising, sales, and consumer recognition.

53. Defendants' advertising, marketing, promotion, distribution, display, offering for sale, sale, and/or otherwise dealing in the Infringing Products was and is in violation and derogation of Plaintiff's rights and is likely to cause confusion and mistake, and to deceive consumers and the public as to the source, origin, sponsorship, or quality of Defendants' Infringing Products.

54. Defendants knew, or by the exercise of reasonable care should have known, that its advertising, marketing, promotion, distribution, display, offering for sale, sale, and/or otherwise dealing in the Infringing Products and its continuing advertising, marketing, promotion, distribution, display, offering for sale, sale, and/or otherwise dealing in the Infringing Products would cause confusion and mistake, or deceive purchasers, users and the public.

55. As a direct and proximate result of Defendants' aforementioned wrongful actions, Plaintiff has been and will continue to be deprived of substantial sales of his Happy Bee products.

56. Defendants' aforesaid acts are in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510.

57. The Plaintiff has no adequate remedy at law and, if the Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to their goodwill

and reputation.

58. As a result of Defendants' actions alleged herein, Plaintiff is entitled to injunctive relief, an order granting Plaintiff's damages and Defendants' profits stemming from its infringing activities, and exemplary or punitive damages for Defendants' intentional misconduct in amounts to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against Defendants in favor of the Plaintiff on all counts as follows:

1. That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons in active concert with them be temporarily, preliminarily and permanently enjoined and restrained from:

(i) using the Plaintiff's work or any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Happy Bee in connection with the distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of the Plaintiff; and

(ii) passing off, inducing or enabling others to sell or pass off any Infringing Products as genuine products made and/or sold by the Plaintiff; and

(iii) committing any acts calculated to cause consumers to believe that Defendants' Infringing Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

(iv) further infringing the Plaintiff's copyright and damaging Plaintiff's goodwill;

(v) competing unfairly with Plaintiff in any manner;

(vi) shipping, delivering, holding for sale, distributing, returning, transferring or otherwise

moving, storing or disposing of in any manner products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and that infringing on Plaintiff's Happy Bee rights or any reproductions, counterfeit copies, or colorable imitations thereof;

(vii) using, linking to, transferring, selling, exercising control over, or otherwise owning or operating the Infringing Webstores, listings, or any other domain name that is being used to sell or is the means by which Defendants could continue to sell Infringing Products;

(viii) operating and/or hosting websites at the Infringing Webstores and any other domain names registered or operated by Defendants that are involved with the distribution, Marketing, advertising, offering for sale, or sale of any product infirming on Plaintiff's Happy Bee or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine product or not authorized by Plaintiff to be sold in connection with the Plaintiff's rights; and,

2. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   (i) displaying images protected by the Plaintiff's Copyright in connection with the distribution, advertising, offer for sale and/or sale of any product that is not a genuine Plaintiff Happy Bee product or is not authorized by Plaintiff to be sold in connection with the Plaintiff's Copyright; and

   (ii) shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner products or inventory not

        manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and protected by the Plaintiff's Copyright or any reproductions, counterfeit copies, or colorable imitations thereof.

  (iii)  possessing any product bearing the Plaintiff's copyright or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine product or not authorized by Plaintiff to be sold in connection with the Plaintiff's copyright. As part of compliance with this provision, we ask that Defendants or those who possess Defendants' infringing goods, segregate and destroy infringing goods; and,

3. That Defendants, within ten days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon the Plaintiff's a written report under oath setting forth in detail the manner in which Defendants have complied with any and all injunctive relief ordered by this Court.

4. Entry of an order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any Internet search engines, Webstore hosts or their administrators that are provided with notice of the injunction, cease facilitating access to any or all webstores through which Defendants engage in the sale of Infringing Products;

5. For an award of Plaintiff's actual damages and Defendant's profits, pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial for willful copyright infringement of Plaintiff's Happy Bee copyright under 17 U.S.C. § 501(a);

  (i)  In the alternative to Plaintiff's actual damages and Defendant's profits for copyright infringement of Plaintiff's Happy Bee copyright pursuant to 17 U.S.C.

§ 504(b), for statutory damages of up to $150,000 per infringement pursuant to 17 U.S.C § 504(c) for willful copyright infringement, which Plaintiff may elect prior to the rendering of final judgment.

6. For an award of damages to be proven at trial for common law unfair competition.

7. That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

8. Grant Plaintiff such other and further legal relief as may be just and proper

Dated: <u>April 22, 2020</u>

Respectfully submitted,

By:     /s/ Rishi Nair
Rishi Nair
ARDC # 6305871
Kevin J. Keener
ARDC # 6296898
Keener & Associates, P.C.
161 N. Clark Street, Suite #1600
Chicago, IL 60601
(312) 375-1573
rishi.nair@keenerlegal.com
kevin.keener@keenerlegal.com